UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Debra Eichten, *et al.*,

                              Plaintiffs,

                                                                Civ. No. 07-3006 (RHK/RLE)
                                                                  **ORDER**

v.

Kmart Corporation,

                              Defendant.

---

This matter is before the Court on Defendant's Objection to Plaintiffs' Demand for Jury Trial (Doc. No. 7).

The Plaintiffs in this action are former employees of a Kmart Corporation ("Kmart") store in Waite Park, Minnesota. They commenced this action in Minnesota state court, alleging that Kmart terminated their employment on account of their age in violation of the Minnesota Human Rights Act, Minn. Stat. § 363.01 *et seq.* ("MHRA"). Kmart removed the action to this Court on June 22, 2007, on the basis of diversity jurisdiction.

On July 10, 2007, Plaintiffs filed a Demand for Jury Trial (Doc. No. 6).[1] Kmart now objects to the Demand, arguing that it is untimely. Kmart is correct that the Demand should have been filed on or before July 9, 2007, because the Notice of Removal and Answer were served by hand on Plaintiffs' counsel on June 22, 2007. See Fed. R. Civ. P. 81(c) (in case

---

[1] In its Objection, Kmart states that "Plaintiffs failed to file their jury demand until July 11, 2007." (Objection at 2.) The docket in this matter indicates that the jury demand was filed on July 10, not July 11.

removed from state court, jury demand must be served "within 10 days after service . . . of the notice of filing the petition [for removal]"); see also Fed. R. Civ. P. 38(b). Nevertheless, under Rule 39(b) of the Federal Rules of Civil Procedure, the Court may, in its discretion, excuse Plaintiffs' tardiness upon motion. See also Spear v. Dayton's, 771 F.2d 1140, 1144 (8th Cir. 1985).[2] Here, the Court construes Plaintiffs' untimely jury demand as a motion under Rule 39(b). See, e.g., FDIC v. Palermo, 815 F.2d 1329, 1333 (10th Cir. 1987) ("Although Rule 39 provides for the court's discretion to be invoked by motion, 'some similar manifestations of the desire of a party to have a jury trial' will suffice.") (quoting 9 Wright & Miller, Federal Practice & Procedure: Civil 2d § 2334 (1st ed. 1971)); Swofford v. B&W, Inc., 336 F.2d 406, 409 (5th Cir. 1964) (affirming district court's decision to treat untimely jury demand as motion for jury trial under Rule 39); TSI Energy, Inc. v. Stewart & Stevenson Operations, Inc., No. 98-CV-0331, 1998 WL 903629, at *7 n.6 (N.D.N.Y. Dec. 23, 1998) (considering belated jury demand as motion for jury trial under Rule 39). So construed, the Court grants Plaintiffs' motion and overrules Kmart's Objection.

"While the Eighth Circuit Court of Appeals has not established a particular standard to be applied to Rule 39(b), courts have generally adopted the five-factor totality of the circumstances test used by the Fifth and Eleventh Circuit Court[s] of Appeals." Harrington

---

[2] The discretion entrusted to the Court under Rule 39 has been "read into" Rule 81, which controls the deadlines for filing jury demands in actions removed from state court. See, e.g., Johnson v. Fargo N. High School, No. 3:07cv28, 2007 WL 1892083, at *2 (D.N.D. June 29, 2007); Reliance Elec. Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996).

v. Wilber, 384 F. Supp. 2d 1321, 1324 (N.D. Iowa 2005) (citations omitted). Those factors are (1) whether the case involves issues that are best tried to a jury, (2) whether granting the motion would result in a disruption of the Court's schedule or that of the adverse party, (3) the degree of prejudice to the adverse party, (4) the length of the delay in having requested a jury trial, and (5) the reason for the movant's tardiness. Id. In weighing those factors, a court must be mindful to "approach [the] application . . . with an open mind," Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 585 (8th Cir. 1980), because "[t]he right to a jury in a federal court . . . is a basic and fundamental feature of our system [of justice]," First Wis. Nat'l Bank of Rice Lake v. Klapmeier, 526 F.2d 77, 80 (8th Cir. 1975). Accordingly, "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." Id.

Here, these five factors militate heavily in favor of permitting a jury to resolve Plaintiffs' claims. First, this case involves "highly personal and factually intensive" issues of intentional employment discrimination and, accordingly, is most appropriately resolved by a jury. Freeborn v. Mak, 270 F. Supp. 2d 1064, 1067 (N.D. Iowa 2003); accord Bezzard v. Securitas Sec. USA, Inc., No. 3:05CV00097, 2006 WL 297749, at *4 (E.D. Ark. Feb. 8, 2006).[3] Second, the Court's schedule would not be impacted were this case to be heard by

---

[3] In a footnote, Kmart argues that Plaintiffs are not entitled to a jury trial because the MHRA provides that claims brought thereunder "shall be heard and determined by a judge sitting without a jury." (Objection at 2 n.3.) While that may be true for MHRA claims heard in *state* court, this case is in *federal* court. Here, Plaintiffs have a right to a jury trial on their MHRA claims, pursuant to the Seventh Amendment to the Constitution, because they seek money damages on those claims. See, e.g., Kampa v. White Consol. Indus., Inc., 115 F.3d 585, 586-87 (8th Cir. 1997) (holding that the

a jury, and the Court does not perceive any reason why that is not equally true of Kmart. Similarly, the Court perceives no reason why Kmart would be prejudiced by a jury trial. This case is in its infancy, and Kmart will have every opportunity to tailor its discovery requests to gathering information that would be helpful to explain its case to a jury, rather than to the Court. Prejudice does not exist merely because Kmart will have to try its case to the Court rather than to a jury. E.g., Hoffmann v. Alside, Inc., 596 F.2d 822 (8th Cir. 1979) ("Legal prejudice is not visited upon Alside and U.S. Steel because they might have to try their case to a jury rather than to the court."); accord Reliance Elec. Co. v. Exxon Capital Corp., 932 F. Supp. 101, 103 (S.D.N.Y. 1996) ("Any prejudice must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial.") (citation omitted). Finally, Plaintiffs' jury demand was filed only one day late. Regardless of the reason for that untimeliness, it is hard to conceive of any prejudice that would result from such a minimal delay. "[J]ury trials ought to be liberally granted when no prejudice results." Littlefield, 614 F.2d at 585.

---

Seventh Amendment guarantees an MHRA plaintiff the right to a jury trial where the plaintiff seeks money damages, notwithstanding the MHRA's language to the contrary).

For all of these reasons, **IT IS ORDERED** that Kmart's Objection to Plaintiffs' Demand for Jury Trial (Doc. No. 7) is **OVERRULED** and Plaintiffs' Demand for Jury Trial (Doc. No. 6), which the Court construes as a motion under Rule 39(b), is **GRANTED**. This matter is now on the Court's jury-trial calendar.

Dated: July 17, 2007                                                             s/ Richard H. Kyle
                                                                                        RICHARD H. KYLE
                                                                                        United States District Judge